T.C. Memo. 2018-140

UNITED STATES TAX COURT

DANIEL SMETHERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17206-16.                              Filed August 29, 2018.

Daniel Smethers, pro se.

<u>Nicholas R. Rosado</u> and <u>Michael Skeen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  By notice of deficiency (notice) dated May 2, 2016,

respondent determined a deficiency in petitioner's 2010 Federal income tax of

**[\*2]** $102,210 and additions to tax of $22,997, $25,553, and $2,192 under sections 6651(a)(1) and (2) and 6654(a), respectively.[1]

After concessions,[2] the issues remaining for decision are whether petitioner: (1) is entitled to exclude from gross income any cancellation of debt income (COD income) received during 2010 pursuant to the insolvency exception provided in section 108(a)(1)(B) or the qualified principal residence exception provided in section 108(a)(1)(E) and (2) is liable for additions to tax for failure to file and failure to pay under section 6651(a)(1) and (2).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition with this Court, petitioner resided in California.

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code (Code) in effect for the year at issue. All amounts are rounded to the nearest dollar.

[2]Petitioner concedes that he failed to file a Federal income tax return for 2010 and that he received and failed to report $364,179 of cancellation of debt income during that same year. At trial respondent conceded that petitioner was not liable for the addition to tax for failure to make estimated tax payments under sec. 6654.

**[*3]** I.  Homes, Loans, and Tax Year 2010

In 1974 petitioner purchased property on Stevenson Street in Santa Rosa, California (Stevenson Street property), to be used as his primary residence.  That property served as petitioner's primary residence until 2009 when he moved to a newly constructed home on Bergesen Drive.  Petitioner's daughter occupied the Stevenson Street property until it was sold in 2010, whereupon she moved in with petitioner at the Bergesen Drive home.

On September 30, 2010, Specialized Loan Servicing, LLC (SLS), discharged $64,045 of petitioner's unpaid debt (SLS debt).  On October 1, 2010, Central Mortgage Co. (CMC) discharged $300,134 of petitioner's unpaid debt (CMC debt) related to the Stevenson Street property.  At the close of the 2010 tax year, CMC and SLS issued to petitioner and respondent corresponding Forms 1099-C, Cancellation of Debt, reporting those amounts as COD income to petitioner.

Although petitioner received those Forms 1099-C, he chose to ignore them when the time came to file his Federal income tax return (return) for 2010.  Instead, petitioner determined that because he did not earn wages that year he did not have an obligation to file a return for 2010, and he acted accordingly.

[*4] II.     The Notice, Petition, and Trial

On February 29, 2016, respondent prepared and mailed to petitioner a substitute for return (SFR) based on the Forms 1099-C.  On May 2, 2016, on the basis of that SFR, respondent issued petitioner a notice determining that petitioner had underreported his income by $364,179 and was thereby liable for a deficiency in tax of $102,210 and various additions to tax totaling $50,742 for 2010.

On August 3, 2016, petitioner filed a timely petition with this Court seeking redetermination of respondent's determinations with respect to his 2010 tax year. In his petition, as pertinent here, petitioner alleged that he was unable to pay the tax liability associated with the COD income determined by respondent, which we construed to mean that petitioner wished to avail himself of the insolvency exception provided in section 108(a)(1)(B) (insolvency claim).

This case was called for trial at the Court's San Francisco, California, trial session on February 13, 2018.  At that trial, petitioner testified that he was confused as to which particular discharged debts gave rise to respondent's determination and appeared to believe that the debts at issue related to a mortgage that he had signed for in helping his daughter purchase her own home.  Thereafter, petitioner familiarized himself with the record and the specific discharged debts at issue.

**[*5]**    Petitioner testified that he incurred the CMC debt in 2005 for the purpose of rehabilitating the Stevenson Street property and claimed that the Stevenson Street property was, at that time, his principal residence (principal residence claim). Petitioner, however, was unprepared to provide the Court with any further evidence to substantiate his principal residence claim.  Petitioner offered no explanation as to the origin or purpose of the SLS debt.

With respect to his insolvency claim, petitioner entered into evidence only a handwritten table claiming to report his assets and liabilities but did not offer any other documentary evidence or testimony to corroborate that document or otherwise substantiate his claim.

At the close of trial, recognizing petitioner's initial confusion and in order to provide petitioner an opportunity to establish his principal residence claim, we signaled that we might be amenable to a joint motion to reopen the record or the filing of further stipulations or concessions.  On March 30, 2018, we issued a corresponding order directing petitioner to provide respondent with any documents relevant to his principal residence claim by May 14, 2018, and directing respondent to file any related motions or a status report by June 14, 2018.

**[*6]** On June 14, 2018, respondent filed a status report indicating that petitioner failed to correspond with, or provide any documentation to, respondent despite his repeated attempts to engage petitioner.  Accordingly, we decide this case on the basis of the record as submitted.

## OPINION

### I.  General

The Commissioner's determinations are presumed correct, and a taxpayer bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  A taxpayer is required to keep all books and records necessary to substantiate or prove entitlement to any claimed deduction or other exclusion from income.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

In order to reflect economic reality, a taxpayer's gross income generally includes any income from the discharge of indebtedness.  Sec. 61(a)(12); United States v. Kirby Lumber Co., 284 U.S. 1 (1931).  A taxpayer is required to recognize COD income for the year the cancellation occurs, Montgomery v. Commissioner, 65 T.C. 511, 520 (1975), in an amount equal to the difference between the face value of the debt and the amount paid in satisfaction of the debt, Babin v. Commissioner, 23 F.3d 1032, 1034 (6th Cir. 1994), aff'g T.C. Memo.

**[\*7]** 1992-673; see Merkel v. Commissioner, 192 F.3d 844, 849 (9th Cir. 1999), aff'g 109 T.C. 463 (1997).

The Code, however, provides an exception to the general rule of inclusion and will allow a taxpayer to presently exclude COD income from his or her gross income if the discharge of indebtedness occurs when the taxpayer is insolvent or if the debt discharged is "qualified principal residence indebtedness".  Sec. 108(a)(1)(B), (E).

II.    Insolvency Exception

Section 108(a)(1)(B) provides an eligible taxpayer an exclusion from gross income for COD income that arises from a discharge of indebtedness occurring when he or she is insolvent.  A taxpayer is considered insolvent to the extent his or her liabilities exceed the value of his or her assets immediately before the discharge.  Sec. 108(d)(3).  The amount of COD income that a taxpayer may exclude, however, cannot exceed the amount by which the taxpayer is insolvent.  Sec. 108(a)(3).  Insolvency, and the extent to which a taxpayer is considered insolvent, is a factual determination.  Merkel v. Commissioner, 192 F.3d at 852.

While petitioner testified as to his economic misfortune and entered into evidence a handwritten document listing purported assets and liabilities, the record lacks any further substantive evidence, documentary or otherwise, to corroborate

**[*8]** his insolvency claim. On the record before us, we find that petitioner has failed to carry his burden of proving that he was insolvent at the time the debts at issue were discharged, and we accordingly hold that he is ineligible for the insolvency exception.

III.    Qualified Principal Residence Exception

Section 108(a)(1)(E) provides an eligible taxpayer an exclusion from gross income for any COD income that arises from the cancellation of qualified principal residence indebtedness. The Code defines qualified principal residence indebtedness as, generally, any debts incurred by a taxpayer in order to facilitate the acquisition, construction, or substantial improvement of a taxpayer's "principal residence", which are then secured by that residence. See secs. 108(h)(2), (5), 121, 163(h)(3)(B)(i). We determine whether the residence at issue constitutes the taxpayer's principal residence by examining all of the underlying facts and circumstances. Sec. 1.121-1(b), Income Tax Regs.

Petitioner, however, has failed to provide us with any credible evidence to corroborate his claim that the CMC debt constituted qualified principal residence indebtedness. Accordingly, on the record before us, we find that petitioner has failed to carry his burden of proving that the CMC debt was qualified principal

[*9] residence indebtedness and hold that he is ineligible for the qualified principal residence exception.

IV.   Section 6651(a)(1) and (2) Additions to Tax

   A.   Burdens

The Commissioner, generally, bears the burden of production with respect to additions to tax.  Sec. 7491(c).  To meet his burden of production, the Commissioner must produce evidence sufficient to establish a prima facie case for the imposition of the additions to tax.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production, the taxpayer then bears the burden of establishing that the penalties or additions to tax are inappropriate.  Id. at 449.

   B.   Failure To Timely File

Section 6651(a)(1) imposes upon a taxpayer an addition to tax for failure to file a timely return.  The addition to tax will not apply if the taxpayer shows his or her failure was due to reasonable cause and not willful neglect.  Id.  A taxpayer demonstrates reasonable cause when he or she shows that, despite exercising ordinary business care and prudence, he or she was unable to file the return on time.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  A taxpayer demonstrates willful neglect when his or her actions exhibit a "conscious, intentional failure or

[*10] reckless indifference" towards compliance with his or her obligations under the Code. United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner concedes that he failed to file a return for 2010 and acknowledges his receipt of and conscious decision to ignore the Forms 1099-C issued by SLS and CMC that informed him of his 2010 COD income. Petitioner stated that his failure to file was based on his determination that, because he did not earn wages that year, he did not have an obligation to file a return for 2010. Petitioner's mistake as to, or ignorance of, the law does not amount to reasonable cause and thus will not relieve petitioner of the addition to tax pursuant to section 6651(a)(1). See Rayhill v. Commissioner, T.C. Memo. 2013-181, at *8. Consequently, we find petitioner's actions exhibited a lack of ordinary business care and prudence, and we sustain respondent's determination as to the section 6651(a)(1) addition to tax.

C.     Failure to Timely Pay

Section 6651(a)(2) imposes upon a taxpayer an addition to tax for failing to pay taxes when due. This addition to tax applies whether the taxpayer files a return or the Commissioner prepares an SFR for the taxpayer. Sec. 6651(g)(2).[3]

_____

[3]Petitioner's unpaid tax resulted from an SFR prepared by respondent. Accordingly, as part of respondent's burden of production with respect to the sec.

(continued...)

[*11] Like the addition for failure to file timely, this addition will not be applied when a taxpayer demonstrates that his or her failure to pay resulted from reasonable cause and not willful neglect. Sec. 6651(a)(2). A failure to pay may be considered due to reasonable cause to the extent the taxpayer has exercised ordinary business care and prudence in providing for payment of his or her tax liability but was nevertheless unable to pay the tax on the date due or would otherwise suffer an undue hardship. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Respondent prepared an SFR for petitioner informing him that his COD income resulted in a tax liability for 2010. Petitioner did not remit timely payment for that tax liability. Petitioner advanced no argument that his failure to pay was due to reasonable cause and failed to introduce any credible evidence establishing that, despite acting with ordinary business care and prudence, payment of his 2010 tax liability posed an undue hardship. Accordingly, we find that petitioner has failed to establish that his failure to pay resulted from reasonable cause rather than

---

[3](...continued)
6651(a)(2) addition to tax, respondent must introduce evidence sufficient to show that this SFR satisfies the requirements of sec. 6020(b). See Wheeler v. Commissioner, 127 T.C. 200, 208-210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). The record contains the SFR issued to petitioner, and we hold that this SFR satisfies the requirements of sec. 6020(b) and that respondent has met his burden of production in this respect.

**[\*12]** willful neglect, and we sustain respondent's determination as to the section

6651(a)(2) addition to tax.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.